IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **TIME WARNER CABLE INC., K/N/A CHARTER COMMUNICATIONS, INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**GREER COOPER-DORSEY**,<br>8017 Paseo Blvd., Kansas City, Missouri, 64131,<br><br>Defendant. | Case No. 4:19-cv-151 |

## COMPLAINT

Plaintiff Time Warner Cable Inc. ("TWC"), now known as Charter Communications, Inc., ("Charter"), for its Complaint against Greer Cooper-Dorsey, hereby states and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for equitable relief arising out of Defendant's refusal to comply with the terms of a pre-dispute arbitration agreement the parties entered into in connection with Defendant's employment with Plaintiff.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction arising under 28 U.S.C. § 1332, because there is complete diversity of citizenship between Plaintiff and Defendant, and, upon information and belief, the amount in controversy exceeds $75,000.

3. Plaintiff is a Delaware corporation doing business in Jackson County, Missouri. Plaintiff's headquarters and principal place of business is 400 Atlantic St., Stamford, Connecticut, 06901.

4. Defendant Greer Cooper-Dorsey is a current resident of Missouri. Upon information and belief, she resides at 8017 Paseo Blvd., Kansas City, Missouri, 64131.

5. Defendant is the plaintiff in *Greer Cooper-Dorsey v. Time Warner Cable n/k/a Charter Communications, Inc., et al.*, Case No. 1816-CV26162 ("the State Court Action"), pending in the Circuit Court of Jackson County, Missouri, wherein she seeks damages for back pay—including lost wages, commissions and benefits—front pay, compensatory damages, punitive damages, costs, and attorneys' fees and expenses, which would exceed $75,000.00 in the event of a judgment for Defendant Cooper-Dorsey. The petition in that suit is attached hereto as Exhibit 1.

6. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in Missouri.

## FACTS

7. Defendant is a former employee of TWC.

8. In connection with her hire, TWC offered Defendant an Arbitration Agreement, attached hereto as Exhibit B to Exhibit 2. Defendant electronically executed that Arbitration Agreement on May 16, 2016. *See* Exhibit A to Exhibit 2.

9. Plaintiff TWC subsequently combined with Charter Communications, Inc.

10. The Arbitration Agreement applies to "any and all claims, disputes, and/or controversies" arising from or related to Defendant's employment with Plaintiff and specifically includes claims made under state law.

11. TWC terminated Defendant's employment on February 21, 2017.

12. In contravention of the Arbitration Agreement, Defendant filed the State Court Action on October 3, 2018, alleging discrimination, harassment, and retaliation under the Missouri Human Rights Act.

13.     On November 14, 2018, through counsel, Plaintiff requested that Defendant arbitrate her claims in accordance with the parties' Arbitration Agreement. On December 5, 2018, Defendant, through counsel, rejected that request.

## COUNT I

### Petition to Compel Arbitration Pursuant to 9 U.S.C. § 4

14.     TWC incorporates the allegations set forth in Paragraphs 1-13 above as if fully set forth here.

15.     The parties' Arbitration Agreement involves interstate commerce and states that it is governed by the Federal Arbitration Act.

16.     The parties' Arbitration Agreement is valid, irrevocable, and enforceable under the Federal Arbitration Act, 9 U.S.C. § 2.

17.     TWC is aggrieved by Defendant's refusal to arbitrate.

18.     TWC is entitled to an Order directing the parties to arbitration pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4.

19.     Service of this Complaint serves as the notice to Defendant that TWC is petitioning the Court for such an Order. No sooner than five days after service of this Complaint, TWC prays for a hearing to determine the matter.

20.     Plaintiff prays for an Order directing Defendant to arbitrate all claims arising from his employment, including claims against TWC and TWC's current employees, in accordance with the terms of the parties' Arbitration Agreement.

## COUNT II

### Petition to Stay State Court Action Pursuant to 9 U.S.C. § 3

21.     TWC incorporates the allegations set forth in Paragraphs 1-20 above as if fully set forth here.

22. The claims Defendant brings in her lawsuit pending in the State Court Action are all referable to arbitration under the parties' Arbitration Agreement.

23. A stay of that lawsuit is necessary to effectuate an Order from this Court compelling arbitration.

24. Pursuant to Section 3 of the Federal Arbitration Act, Plaintiff prays for an Order staying proceedings in the State Court Action *(Greer Cooper-Dorsey v. Time Warner Cable n/k/a Charter Communications, Inc., et al.,* Case No. 1816-CV26162) until the parties have arbitrated Defendant's claims therein.

## COUNT III

### Petition for Preliminary Injunction Pending Arbitration

25. TWC incorporates the allegations set forth in Paragraphs 1-24 above as if fully set forth here.

26. An order prohibiting Defendant from litigating her claims in the State Court Action is necessary to effectuate this Court's Order compelling the parties to arbitration.

27. Without an injunction, TWC will be irreparably harmed. Despite the parties' valid and enforceable Arbitration Agreement, TWC will be subjected to the burdens and costs of civil litigation which are not applicable to arbitration proceedings and for which TWC will have no remedy.

28. There is a substantial likelihood that TWC will prevail on the merits of this action, because the parties' Arbitration Agreement is supported by offer, acceptance, and consideration and is therefore valid and enforceable under the FAA and Missouri law.

29. There is little likelihood of harm to Defendant should a preliminary injunction issue. Defendant has been on notice of the parties' Arbitration Agreement since she signed it, and was again notified of her obligations under the agreement in November 2018. Defendant should

not be surprised that her claims must proceed through arbitration. Defendant will be able to pursue a remedy for her employment-related claims through arbitration, pursuant to the terms of the agreement she entered into.

30. The public interest would be served in granting a preliminary injunction because it will promote the rapid and unobstructed enforcement of an agreement willingly entered into between parties, would prevent unnecessary waste of judicial resources, and would allow Defendant to pursue her claims in arbitration.

31. Plaintiff TWC prays for a preliminary injunction prohibiting Defendant from pursuing the State Court Action while the parties arbitrate their claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the Court grant the following relief:

(A) For a hearing on this matter;

(B) For an Order compelling the arbitration of all of Defendant's claims arising out of or relating to her employment with TWC;

(C) For an Order staying the State Court Action until the parties have completed arbitration;

(D) For an injunction prohibiting Defendant from pursuing the State Court Action while the parties arbitrate;

(E) And for such other relief as the Court deems just and proper.

Dated: February 28, 2019

Respectfully submitted,

LATHROP GAGE LLP

/s/ Jill Waldman
Rosalee McNamara, MO Bar No. 33645
Jill Waldman, MO Bar No. 51568
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Tele: 816-292-2000
Fax: 816-292-2001
Email: rmcnamara@lathropgage.com
jwaldman@lathropgage.com

MORGAN, LEWIS & BOCKIUS LLP
Sari M. Alamuddin (*pro hac vice application forthcoming*)
Thomas F. Hurka (*pro hac vice application forthcoming*)
Emily T. Jastromb (*pro hac vice application forthcoming*)
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
Tele: 312-324-1000
Fax: 312-324-1001
Email: sari.alamuddin@morganlewis.com
thomas.hurka@morganlewis.com
emily.jastromb@morganlewis.com

**ATTORNEYS FOR PLAINTIFF**