IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TIME WARNER CABLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-00151-CV-W-ODS |
| | ) | |
| GREER COOPER-DORSEY, | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER AND OPINION (1) DENYING DEFENDANT'S MOTION TO DISMISS
FOR FAILURE TO JOIN NECESSARY AND INDISPENSABLE PARTIES,
(2) GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT OR STAY
PROCEEDINGS, (3) DENYING PLAINTIFF'S MOTIONS AS MOOT, AND
(4) DISMISSING THE MATTER WITHOUT PREJUDICE</u>

Pending are Plaintiff's Motion to Compel Arbitration, Plaintiff's Motion for Preliminary Injunction, Defendant's Motion to Dismiss Plaintiff's Complaint or Stay Proceedings, and Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction and Failure to Join Necessary Party. For the following reasons, the Court denies Defendant's motion to dismiss for failure to join necessary and indispensable parties (Doc. #21), grants Defendant's motion to dismiss or stay proceedings (Doc. #17), denies Plaintiff's motion to compel arbitration and motion for preliminary injunction (Docs. #3, 5) as moot, and dismisses this matter without prejudice.

I.  **BACKGROUND**

Beginning in May 2016, Defendant Greer Cooper-Dorsey was employed by Plaintiff Time Warner Cable Inc. (now known as Charter Communications, Inc.) in its call center. According to Time Warner, Cooper-Dorsey executed an arbitration agreement in which she agreed to arbitrate all claims arising from or related to her employment. Time Warner terminated Cooper-Dorsey's employment in February 2017.

In April 2017, Cooper-Dorsey filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR"). Doc. #21-1, at 16-17. In her charge, Cooper-

Dorsey alleged claims of harassment, discrimination, and retaliation. In September 2018, the MCHR issued a right to sue letter to Cooper-Dorsey. *Id.* at 19-20.

In October 2018, Cooper-Dorsey filed a lawsuit in the Circuit Court of Jackson County, Missouri against Time Warner and three Time Warner employees (Daniel Hawkins, Iris Lee, and Lori Alt) alleging violations of the Missouri Human Rights Act ("MHRA"). Doc. #1-1; *Cooper-Dorsey v. Time Warner*, No. 1816-CV26162 (Jackson Cty. Cir. Ct.). In December 2018, Time Warner filed a motion to compel arbitration, which Cooper-Dorsey opposed. On January 23, 2019, the state court denied Time Warner's motion. Doc. #4-1; Doc. #17-1. On February 1, 2019, Time Warner appealed the state court's decision. Doc. #17-2. According to the docket for the Missouri Court of Appeals, Time Warner, as appellant, filed its appeal brief on May 3, 2019, and Cooper-Dorsey, as appellee, filed her appeal brief on May 31, 2019. *Time Warner v. Cooper-Dorsey*, No. WD82516 (Mo. Ct. App). On June 17, 2019, Time Warner filed its reply brief. Oral argument has not been scheduled, and the Missouri Court of Appeals has not issued a decision.

On February 28, 2019, Time Warner filed the above-captioned matter in this Court seeking "equitable relief arising out of [Cooper-Dorsey]'s refusal to comply with the terms of a pre-dispute agreement the parties entered into in connection with [Cooper-Dorsey]'s employment with [Time Warner]." Doc. #1, ¶ 1. Time Warner asks the Court to (1) compel Cooper-Dorsey to arbitrate all claims arising from her employment with Time Warner, including claims against Time Warner and Time Warner's employees; (2) stay the state court action; and (3) issue an injunction prohibiting Cooper-Dorsey from litigating her claims in the state court action while the parties arbitrate. Doc. #1, ¶¶ 14-31; Doc. #22, at 2. With its Complaint, Time Warner filed a motion to compel arbitration and a motion for preliminary injunction.

In response to Time Warner's Complaint, Cooper-Dorsey filed two motions to dismiss – one motion seeking dismissal based on the pendency of a parallel state court proceeding, and the other motion seeking dismissal for lack of subject matter jurisdiction for failure to join necessary and indispensable parties. All four motions are now fully briefed and ripe for consideration.

## II. DISCUSSION

### A. Jurisdiction

According to the United States Supreme Court, the Federal Arbitration Act ("FAA") is "something of an anomaly in the field of federal-court jurisdiction" because the FAA does not bestow federal jurisdiction. *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)). Instead, the FAA requires "an independent jurisdictional basis." *Id.*; *see also Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (citation omitted). That is, the federal court must "have jurisdiction under title 28" of the United States Code "in a civil action…of the subject matter of a suit arising from the controversy between the parties…." 9 U.S.C. § 4.

Time Warner asserts this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. #1, ¶ 2. In cases such as this one, the Eighth Circuit has held "[d]iversity of citizenship is determined…by the citizenship of the parties named in the proceedings before the district court, plus any indispensable parties who must be joined pursuant to Rule 19." *Northport Health Servs. of Ark., LLC v. Rutherford*, 605 F.3d 483, 41 (8th Cir. 2010). The parties agree there is diversity of citizenship between Cooper-Dorsey and Time Warner, and neither party disputes the amount in controversy has been met. However, Cooper-Dorsey argues Time Warner failed to join the three Time Warner employees she named in the state court action when Time Warner filed this action. She contends these individuals, two of whom would destroy diversity, are necessary and indispensable parties. Because they were not joined, Plaintiff moves to dismiss Time Warner's lawsuit.

The Eighth Circuit has addressed the issue of whether a party seeking to compel arbitration in federal court must include all tortfeasors in the parallel state court action as parties in the federal court action. "In the arbitration context, to our knowledge every circuit to consider the issue has concluded that a party joined in a parallel state court contract or tort action is not an indispensable party under Rule 19 in a federal action to compel arbitration." *Northport Health*, 605 F.3d at 491 (citations omitted). The Eighth Circuit agreed with the other circuits' decisions and also pointed out the Supreme Court's "long-standing rule 'that it is not necessary for all joint tortfeasors to be

3

named…in a single lawsuit.'" *Id.* (quoting *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) (citations omitted)). Pursuant to the Eighth Circuit's holding, the Time Warner employees are not necessary and indispensable parties under Rule 19 in this matter.

Additionally, the fundamental issue raised by Time Warner in this matter is whether the arbitration agreement between Time Warner and Cooper-Dorsey is valid and enforceable. The three employees were not signatories to the contract. While an arbitration agreement may bind non-signatories to a contract, the joinder of those non-signatories is unnecessary for the Court to consider Time Warner's claims in this matter.

Finally, Time Warner's request to compel arbitration of <u>all</u> of Cooper-Dorsey's claims arising from her employment with Time Warner. If the Court were to grant Time Warner's request and compel arbitration, Plaintiff would be required to arbitrate <u>all</u> claims arising out of her employment with Time Warner, including her claims against the three Time Warner employees. When the Court can "accord complete relief among the existing parties," additional parties are not necessary. Fed. R. Civ. P. 19(a)(1)(A). Because an order compelling arbitration would "accord complete relief among the existing parties," the three Time Warner employees are not necessary parties.

For the foregoing reasons, the Court finds diversity jurisdiction exists, and denies Cooper-Dorsey's motion to dismiss based upon failure to join necessary and indispensable parties.

### B. Application of *Colorado River*

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). This is because of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* However, "there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." *Id.* "These principles rest on considerations of wise judicial administration, giving regard to

conservation of judicial resources and comprehensive disposition of litigation." *Colo. River,* 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C–O-Two Fire Equip. Co.,* 342 U.S. 180, 183 (1952)) (internal quotations omitted). There are exceptional circumstances that permit a federal court to dismiss the case before it under the doctrine of abstention due to a concurrent state proceeding. Those particular circumstances and the factors a district court must weigh are set forth in *Colorado River* and its progeny.

### (1) Parallel Proceedings

Before *Colorado River* is implicated, the Court must first determine whether there are pending parallel state and federal proceedings. *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 535 (8th Cir. 2009) (citation omitted). Generally, state and federal proceedings are parallel when "substantially similar parties are litigating substantially similar issues in both state and federal court." *Id.* The Eighth Circuit, however, requires more precision. *Id.* (stating "the pendency of a state claim based on the same general facts or subject matter as a federal claim and involving the same parties is not alone sufficient.") (citation omitted). According to the Eighth Circuit, "a substantial similarity must exist between the state and federal proceedings, which similarity occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Id.* (citation omitted).

The claim submitted by Time Warner in this Court – to wit, that Cooper-Dorsey's claims arising from her employment with Time Warner must be arbitrated – was also asserted by Time Warner in the state court as a motion to compel arbitration. As set forth above, the state court already resolved that issue, denying Time Warner's request to compel arbitration. The fact that the state court fully disposed of the claim that Time Warner asks the Court to resolve in this lawsuit demonstrates a substantial similarity between the state and federal proceedings. *See Liberty Mut. Ins. Co. v. Wright Constr. Servs., Inc.*, No. 4:18 CV 203 CDP, 2018 WL 4095186, at *3 (E.D. Mo. Aug. 28, 2018) (finding the state and federal proceedings were parallel because the central issue in both cases was "substantially the same."). Accordingly, the state and federal proceedings are parallel.

### (2) Exceptional Circumstances

Now the Court must determine whether exceptional circumstances warrant abstention. Six non-exhaustive factors are to be considered: (1) "whether there is a res over which one court has established jurisdiction"; (2) "inconvenience of the federal forum"; (3) "whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed"; (4) "which case has priority – not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases"; (5) "whether the state or federal law controls"; and (6) "the adequacy of the state forum to protect the federal plaintiff's rights." *Fru-Con Constr.*, 574 F.3d at 534 (citation omitted). These six factors are not to be construed as a "mechanical checklist." *Moses H. Cone*, 460 U.S. at 16. Instead, "the decision… to dismiss a federal action because of parallel state-court litigation…[rests] on a careful balancing of the important factors as they apply in a given case…." *Id.* "The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Id.*

### (a) Res and Convenience

The parties agree this matter does not involve a res and both fora are convenient. Doc. #22, at 6; Doc. #25, at 3. Thus, the first and second factors are irrelevant to the Court's analysis.

### (b) Piecemeal Litigation

The third factor – the risk of piecemeal litigation – is the "predominant factor." *Spectra Commc'ns Grp., LLC v. City of Cameron*, 806 F.3d 1113, 1121 (8th Cir. 2015) (citations omitted); *Federated Rural Elec. Ins. Co. v. Ark. Elec. Coops., Inc.*, 48 F.3d 294, 299 (8th Cir. 1995) (citing *Moses H. Cone*, 460 U.S. at 21). If the parties are permitted to continue litigating both matters, both courts would consider and decide identical issues. Such circumstances could give rise to a party attempting "to accelerate or stall proceedings in one of the forums in order to ensure that the court most likely to rule in its favor will decide a particular issue first." *LaDuke v. Burlington N. RR. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989). In addition to the courts duplicating one another's

efforts, "one court, unaware that the other court has already ruled, will resolve an issue and create a conflict between the two forums." *Id.* "[C]onflicting opinions on the same issues…could cause unwarranted friction between state and federal courts, a result which is obviously undesirable and avoidable in this instance." *Spectra Commc'ns Grp.*, 806 F.3d at 1121 (citations omitted). For both courts to consider and decide the same issue, the parties to litigate the same issue in both courts, and the potential risk of the courts deciding issues differently violates the underlying policy of *Colorado River*. Specifically, it would not be "wise judicial administration," it would not conserve judicial resources, and would not comprehensively dispose of litigation. *Colo. River,* 424 U.S. at 817.

Time Warner contends there is "virtually no risk of piecemeal litigation" because the FAA "not only promotes piecemeal resolution to give effect to an arbitration agreement – it requires it." Doc. #22, at 6. It is unclear if Time Warner contends the former or the latter applies in this matter. Nonetheless, Time Warner does not explain why there is no risk of piecemeal litigation in this matter, especially when the state court has decided the sole issue Time Warner asks this Court to decide. While there may be a strong policy favoring arbitration, as Time Warner argues, that policy does not allow a party to obtain a ruling in one court and while appealing that court's decision, file another lawsuit asking another court to decide the same issue. The result is piecemeal litigation. Given the risk of piecemeal litigation in this circumstance, this factor weighs in favor of abstention.[1]

### (c) Relative Progress of the Cases

As set forth *supra*, the state court action, particularly with regard to the arbitration issue, has progressed much further than the same issue in this matter. Not only did the state court decide the issue in February 2019, but Time Warner has since appealed that decision, and the appeal is now fully briefed. The parties await the scheduling of oral

---

[1] The Eighth Circuit has advanced the policy of avoiding piecemeal litigation "by favoring the most complete action. *Federated Elec. Ins. Co.*, 48 F.3d at 298 (citations omitted). As more fully explained *infra* II(B)(2)(c), the state court action resolved the arbitration question while that issue remains undecided in this Court. For this additional reason, the risk of piecemeal litigation weighs in favor of abstention.

7

arguments, if any, and a decision by the Missouri Court of Appeals. In the matter before this Court, the motion to compel arbitration became fully briefed in mid-May 2019. And this Order does not resolve the issue of arbitration, as explained *infra*.

Time Warner argues the state court action has not progressed beyond "jurisdictional posturing" to the merits of the case, and therefore, this factor weighs against abstention. Doc. #22, at 7. But its reference to "jurisdictional posturing," for which it cites a Fifth Circuit case, relates to the progress of the case's merits. In the case before this Court, Time Warner suggests the only merits-based issue is whether Cooper-Dorsey is required to arbitrate the claims arising from her employment with Time Warner. That issue was already decided by the state court.

To the extent Time Warner refers to the merits of Cooper-Dorsey's MHRA claims, the state court has not reached the merits of those claims. The state court docket reflects a case management conference was held on March 1, 2019, during or after which another case management conference was set for November 2019. No trial date or other deadlines have been set. There is no indication discovery has commenced. Although unclear from the docket, it appears the state court action is effectively stayed until the Missouri Court of Appeals issues its decision. If that is the case, the lack of progress on the merits of Plaintiff's is solely due to Time Warner's decision to appeal the state court's denial of its motion to compel arbitration.

The Court finds the state court proceeding has progressed further than this matter has progressed. At a minimum, the state court has issued a decision on the sole issue before this Court. Accordingly, this factor favors abstention.

(d) <u>Controlling Law</u>

Time Warner argues the federal policy favoring arbitration is implicated in this matter, but also concedes Missouri law governs the validity of the parties' arbitration agreement. Doc. #22, at 7. The FAA "create[s] a body of federal substantive law of arbitrability" and is "applicable to any arbitration agreement within the coverage of the [FAA]." *Donaldson Co. v. Burroughs Diesel, Inc.,* 581 F.3d 726, 731 (8th Cir. 2009) (quoting *Moses H. Cone,* 460 U.S. at 24). "[T]he federal substantive law of arbitrability governs whether the litigants' dispute falls within the scope of the arbitration

agreement." *Id.* (citation omitted). However, the FAA grants concurrent jurisdiction to federal and state courts, which contemplates state courts are adequate for adjudication of arbitration agreements. *Moses H. Cone*, 460 U.S. at 25; *Myer v. Americo Life, Inc.*, 469 F.3d 731, 734 (8th Cir. 2006) (citation omitted).

When a federal court's jurisdiction to enforce the FAA "is concurrent with that of the state court['s]" jurisdiction, "the source-of-law factor has less significance…." *Moses H. Cone*, 460 U.S. at 25. Moreover, no issue in this matter falls exclusively within this Court's jurisdiction. Instead, either the state court or this Court may apply state law to determine if a binding agreement exists. *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 629-31 (2009). Because either court has jurisdiction to enforce the arbitration agreement, the Court finds the controlling law factor cannot be afforded any significant weight.

### (e) Adequacy of State Forum

Although Time Warner contends this factor weighs slightly in favor of abstention, its only argument is that the state court also must apply the FAA. Time Warner does not argue its rights will not be adequately protected in the state forum, which is what this Court must consider. The adequacy of the state forum "factor will only weigh in favor [of] or against dismissal when one of the forums is *inadequate* to protect a party's rights." *Gov't Emps. Ins. Co. v. Simon*, 917 F.2d 1144, 1149 (8th Cir. 1990) (citation omitted) (emphasis in original). Because Time Warner does not raise any argument indicating its rights are not adequately protected in the state forum, this factor is neutral to the Court's analysis.

### (f) Additional Factors

The six factors identified in *Colorado River* are non-exhaustive, and courts have considered other factors when determining whether to abstain. The Eighth Circuit has considered forum shopping and "whether the federal or state suit is filed for a vexatious, reactive or tactical reason." *Federated Rural Elec. Ins. Co.*, 48 F.3d at 299 (citations omitted) (noting it was "disinclined to view [a party's] request for abstention as anything more than a continuation of its forum selection strategy."); *see also Moses H. Cone*, 460

9

U.S. at 17.  Several courts have considered whether a later filed federal lawsuit is an attempt to forum shop or avoid adverse rulings by the state court.  When such practices are utilized by a party, several federal courts have found this factor weighs strongly in favor of abstention.[2]  As the Ninth Circuit aptly declared, "[w]hen evaluating forum shopping under *Colorado River*, we consider whether either party improperly sought more favorable rules in its choice of forum or pursued suit in a new forum after facing setbacks in the original proceeding."  *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 846 (9th Cir. 2017) (citations omitted).

      The Court agrees that Time Warner has a right to file suit in federal court seeking an order compelling arbitration.  But Time Warner did not exercise its right until more than four months after Plaintiff initiated the state court action, and more significantly, it exercised its right weeks <u>after</u> it received an adverse ruling from the state court on its motion to compel arbitration and appealed the state court's decision.  The timing of this lawsuit indicates this matter was, at a minimum, reactive.  Because Time Warner seeks the same relief it sought and was denied in the state court, this matter also appears to be Time Warner's effort to avoid the state court's adverse ruling.[3]  For all of these reasons, the Court finds the additional factors weigh in favor of abstention.

---

[2] *E.g., Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir 1989); *Dunne v. Doyle*, No. 13-CV-1075, 2014 WL 3735287, at *13-14 (D. Conn. July 28, 2014); *Morgan Stanley Dean Witter Reynolds, Inc. v. Gekas*, 309 F. Supp. 2d 652, 658-59 (M.D. Pa. 2014) (finding the plaintiff's "delay in filing their motion with this Court, coupled with the fact that the state court was already considering what must be an identical motion to compel, provides a strong basis for abstention."); *THI of N.M. at Las Cruces v. Fox*, 727 F. Supp. 2d 1195, 1213 (D. N.M. 2010) (finding there was a concern that the plaintiff was forum shopping because the plaintiff already moved to compel arbitration in the state court and obtained a ruling, but filed the federal lawsuit seeking the same relief because the plaintiff feared the state court's order would be vacated upon reconsideration); *Sides v. Simmons*, No. 07-80347-CIV, 2007 WL 3344405, at *4 (S.D. Fla. Nov. 7, 2007) (permitting "both state and federal suits to go forward would lead to forum shopping by encouraging [a party] to simply choose a second court if he becomes unhappy with the first."); *Garber v. Sir Speedy, Inc.*, 930 F. Supp. 267, 271 (N.D. Tex. 1995) (finding "[l]itigants should be discouraged from filing suits in courts with concurrent jurisdiction for the purpose of avoiding adverse rulings in the court in which the action was original filed.").

[3] This matter is essentially an "appeal" of the state court's decision denying Time Warner's motion to compel, or at the very least, an attempt at a second bite of the same apple.  This Court does not have jurisdiction over a case purportedly appealing a

Of all the factors, three factors weigh in favor of abstention. Not one factor weighs in favor of the Court exercising jurisdiction over this concurrent matter. Based upon the Court's analysis of all of the factors, it finds exceptional circumstances exist warranting abstention in this case. Now the Court must decide whether to stay or dismiss this matter.

In the context of the *Colorado River* doctrine, a "stay is as much a refusal to exercise federal jurisdiction as a dismissal. When a district court decides to dismiss or stay under *Colorado River,* it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone*, 460 U.S. at 28. "[A] stay rather than dismissal is the preferred mode of abstention where the possibility of a return to federal court remains." *Capital Indem. Corp. v. Haverfield*, 218 F.3d 872, 875 n.2 (8th Cir. 2000) (citation omitted). On the other hand, when there is no reason for the case to return to federal court, dismissal is appropriate. *Id.* A stay is also preferable when there may be a risk of "a time bar if the state case…fails to resolve the matter in controversy." *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 797 (8th Cir. 2008) (citation omitted); *see also Liberty Mut. Ins.*, 2018 WL 4095186, at *5-6 (abstaining from exercising jurisdiction and staying the matter). Additionally, a federal court's authority to dismiss a matter "is circumscribed in cases where the plaintiff seeks purely legal relief, such as damages." *Ritchie Capital Mgmt., L.L.C. v. BMO Harris Bank, N.A.*, 868 F.3d 661, 665-66 (8th Cir. 2017 (citations omitted).

Cooper-Dorsey requests that the Court dismiss this matter, or in the alternative, stay the matter. Time Warner does not address whether the Court should stay or dismiss this matter. Nevertheless, the Court finds there are several reasons why dismissal, instead of a stay, is appropriate in this matter. First, the state court will be a more than an adequate vehicle for the complete and prompt resolution of the parties' disputes. Second, the Court cannot fathom any circumstance where this case would return to this Court. *See Cincinnati Indem. Co. v. A&K Constr. Co.*, No. 4:07-CV-4133-

---

Missouri state court's decision. *See Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996) (stating federal courts "lack subject matter jurisdiction to engage in appellate review of state court decisions").

NKL, 2008 WL 5210931, at *2 (W.D. Mo. Dec. 12, 2008) (electing to dismiss, rather than stay the matter, because "[t]he Court does not see how this case could return to the federal courts…as a judiciable case."); *Simmons v. Mill's Pride, Inc.*, 788 F. Supp. 1072, 1076 (W.D. Mo. 1992) (dismissing the matter, noting dismissal would not prevent a party from returning to federal court due to inadequacies of the state forum). Third, the Court does not envision (and the parties do not describe) a situation where the state court fails to resolve the controversy, risking a potential time bar. Fourth, because Time Warner seeks only injunctive relief and does not seek damages (Doc. #1, at 5), the Court retains the authority to dismiss the matter. Based upon the foregoing reasons, the Court grants Cooper-Dorsey's motion to dismiss, and dismisses this matter without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion to dismiss for failure to join necessary and indispensable parties, grants Defendant's motion to dismiss based upon the pendency of a parallel court proceeding, and denies Plaintiff's motion to compel arbitration and motion for preliminary injunction as moot. This matter is dismissed without prejudice.

IT IS SO ORDERED.

DATE: June 20, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT